UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LINDA L. COHEN  and | | |
| JEFFREY A. COHEN | : | |
| | : | |
| vs. | : | C.A. NO.: |
| | : | |
| JERRY DiSAURO; | : | |
| BARBARA DiSAURO; | : | |
| 629 SUCCOTASH, LLC, d/b/a | : | |
| MATUNUCK OYSTER BAR; and | : | **JURY TRIAL DEMANDED** |
| OCEAN STATE PARKING | : | |
| MANAGEMENT, INC., d/b/a | : | |
| OCEAN STATE VALET | : | |

## COMPLAINT

## PARTIES AND JURISDICTION

1.      Plaintiff Linda L. Cohen is a resident of the City of New York, in the State of New York.

2.      Plaintiff Jeffrey A. Cohen is a resident of the City of New York, in the State of New York, and is the husband of the Plaintiff named in the preceding paragraph.

3.      Defendant Jerry DiSauro, upon information and belief, is a resident of the Town of Tiverton, in the State of Rhode Island.

4.      Defendant Barbara DiSauro, upon information and belief, is a resident of the Town of Tiverton, and is the owner of the motor vehicle operated by Defendant Jerry DiSauro in the subject matter accident.

5.       Defendant 629 Succotash, LLC, d/b/a Matunuck Oyster, Bar [hereinafter "Matunuck Oyster Bar"], is a Rhode Island Limited Liability Company organized and

existing under the laws of the State of Rhode Island, with its principal place of business located at 629 Succotash Road, South Kingstown, Rhode Island.

6.      Defendant Ocean State Parking Management, Inc., d/b/a Ocean State Valet [hereinafter "Ocean State Valet"], is a Rhode Island Corporation organized and existing under the laws of the State of Rhode Island, with its principal place of business located at 402 River Road, Manville, RI 02838.

7.      This Honorable Court has original jurisdiction over this lawsuit pursuant to 28 U.S.C. §1332(a).

8.      The amount in controversy exceeds the sum of Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interest and costs.

<u>COUNT I</u>

<u>NEGLIGENCE OF DEFENDANT JERRY DiSAURO</u>

1.      On or about August 30, 2019, Plaintiff Linda L. Cohen was a pedestrian on the premises of Defendant Matunuck Oyster Bar located at 629 Succotash Road in the Town of South Kingstown, in the State of Rhode Island.

2.      At all relevant times herein, Plaintiff Linda L. Cohen was in the exercise of due and reasonable care for her own safety and well being.

3.      At all relevant times herein mentioned, Defendant Jerry DiSauro was operating a motor vehicle owned by Defendant Barbara DiSauro on the premises of Defendant Matunuck Oyster Bar located at 629 Succotash Road, in the Town of South Kingstown, in the State of Rhode Island.

4. At all relevant times herein mentioned, Defendant Jerry DiSauro was operating a motor vehicle owned by Defendant Barbara DiSauro with the permission, consent and authority of Defendant Barbara DiSauro.

5. At the aforementioned time and place, and at all relevant times herein mentioned, Defendant Jerry DiSauro owed a legal duty to all persons, including Plaintiff Linda L. Cohen, to exercise due and reasonable care in the operation of the motor vehicle he was operating and which was owned by Defendant Barbara DiSauro.

6. Nevertheless, at the aforementioned time and place, and at all relevant times herein mentioned, Defendant Jerry DiSauro breached the legal duty of care owed by operating said motor vehicle in a negligent and careless manner.

7. At the aforementioned time and place, and as a direct and proximate result of the aforementioned negligent and careless manner in which Defendant Jerry DiSauro operated said motor vehicle owned by Defendant Barbara DiSauro, Defendant Jerry DiSauro caused this vehicle to collide into Plaintiff Linda L. Cohen, a pedestrian on the property of Defendant Matunuck Oyster Bar.

8. As a direct and proximate result of the negligent and careless manner in which Defendant Jerry DiSauro was operating the motor vehicle owned by Defendant Barbara DiSauro, Plaintiff Linda L. Cohen was severely and permanently injured, suffered and will in the future suffer great pain of body, nerves and nervous system, was rendered disabled and impaired, has been scarred, has suffered and will continue to suffer a loss of wages and a loss of future earning capacity, has suffered and will continue to suffer a loss of enjoyment of life, has been unable and will continue to be unable to perform her usual

daily activities, has been required and will in the future be required to undergo additional medical treatment and care, and Plaintiff Linda L. Cohen has become and will in the future become liable to pay large sums of money for her medical and hospital attention, care and treatment, and Plaintiff Linda L. Cohen otherwise was and is injured.

9.      As a direct and proximate result of the negligence of Defendant Jerry DiSauro, and the resultant personal injuries to Plaintiff Linda L. Cohen, Plaintiff Jeffrey A. Cohen has suffered and will in the future suffer a loss of consortium, companionship, society, affection and love of his wife, Plaintiff Linda L. Cohen.

WHEREFORE, Plaintiffs Linda L. Cohen and Jeffrey A. Cohen demand judgment against Defendant Jerry DiSauro for compensatory damages, plus interest and costs.

## COUNT II

## NEGLIGENCE OF DEFENDANT JERRY DiSAURO

1.      Paragraphs 1 through 7 of Count I are hereby incorporated by reference as if set forth fully at length herein.

2.      On or about August 30, 2019, Plaintiff Jeffrey A. Cohen was a pedestrian on the premises of Defendant Matunuck Oyster Bar located at 629 Succotash Road in the Town of South Kingstown, in the State of Rhode Island.

3.      At all relevant times herein, Plaintiff Jeffrey A. Cohen was in the exercise of due and reasonable care for his own safety and well being.

4.      At all relevant times herein mentioned, Defendant Jerry DiSauro was operating a motor vehicle owned by Defendant Barbara DiSauro on the premises of

Defendant Matunuck Oyster Bar located at 629 Succotash Road, in the Town of South Kingstown, in the State of Rhode Island.

5.     At all relevant times herein mentioned, Defendant Jerry DiSauro was operating a motor vehicle owned by Defendant Barbara DiSauro with the permission, consent and authority of Defendant Barbara DiSauro.

6.     At the aforementioned time and place, and at all relevant times herein mentioned, Defendant Jerry DiSauro owed a legal duty to all persons, including Plaintiff Jeffrey A. Cohen, to exercise due and reasonable care in the operation of the motor vehicle he was operating and which was owned by Defendant Barbara DiSauro.

7.     Nevertheless, at the aforementioned time and place, and at all relevant times herein mentioned, Defendant Jerry DiSauro breached the legal duty of care owed by operating said motor vehicle in a negligent and careless manner.

8.     At the aforementioned time and place, and as a direct and proximate result of the aforementioned negligent and careless manner in which Defendant Jerry DiSauro was operating said motor vehicle owned by Defendant Barbara DiSauro, Defendant Jerry DiSauro caused the vehicle he was operating to collide into Plaintiff Jeffrey A. Cohen, a pedestrian on the property of Defendant Matunuck Oyster Bar.

9.     As a direct and proximate result of the negligent and careless manner in which Defendant Jerry DiSauro was operating the motor vehicle owned by Defendant Barbara DiSauro, Plaintiff Jeffrey A. Cohen was severely and permanently injured, suffered and will in the future suffer great pain of body, nerves and nervous system, was rendered disabled and impaired, has been scarred, has suffered and will in the future suffer a loss of

wages and a loss of future earning capacity, has suffered and in the future will continue to suffer a loss of enjoyment of life, has been unable and will continue to be unable to perform his usual daily activities, has been required and will in the future be required to undergo additional medical treatment and care, and Plaintiff Jeffrey A. Cohen has become and will in the future become liable to pay large sums of money for his medical and hospital attention, care and treatment, and Plaintiff Jeffrey A. Cohen otherwise was and is injured.

10.     As a direct and proximate result of the negligence of Defendant Jerry DiSauro, and the resultant personal injuries to Plaintiff Jeffrey A. Cohen, Plaintiff Linda L. Cohen has suffered and will in the future suffer a loss of consortium, companionship, society, affection and love of her husband, Plaintiff Jeffrey A. Cohen.

WHEREFORE, Plaintiffs Linda L. Cohen and Jeffrey A. Cohen demand judgment against Defendant Jerry DiSauro for compensatory damages, plus interest and costs.

### COUNT III

### NEGLIGENCE OF DEFENDANT BARBARA DiSAURO

1.     Paragraphs 1 through 7 of Count I are hereby incorporated by reference as if set forth fully at length herein.

2.     Paragraphs 1 through 8 of Count II are hereby incorporated by reference as if set forth fully at length herein.

3.     On or about August 30, 2019, Plaintiff Linda L. Cohen was a pedestrian on the premises of Defendant Matunuck Oyster Bar located at 629 Succotash Road in the Town of South Kingstown, in the State of Rhode Island.

4.     At all relevant times herein, Plaintiff Linda L. Cohen was in the exercise of due and reasonable care for her own safety and well being.

5.     At all relevant times herein mentioned, Defendant Jerry DiSauro was operating a motor vehicle owned by Defendant Barbara DiSauro on the premises of Defendant Matunuck Oyster Bar located at 629 Succotash Road, in the Town of South Kingstown, in the State of Rhode Island.

6.     At the aforementioned time and place, Defendant Jerry DiSauro was operating said motor vehicle owned by Defendant Barbara DiSauro with the knowledge, permission, consent and authority of Defendant Barbara DiSauro.

7.     At the aforementioned time and place, and at all relevant times herein mentioned, Defendant Barbara DiSauro owed a duty to all persons, including Plaintiff Linda L. Cohen, to exercise due and reasonable care in the selection and entrustment of the motor vehicle she owned.

8.     At the aforementioned time and place, and at all relevant times herein mentioned, Defendant Barbara DiSauro breached the duty of care owed by negligently entrusting her motor vehicle to Defendant Jerry DiSauro.

9.     At the aforementioned time and place, and at all relevant times herein mentioned, Defendant Jerry DiSauro operated said motor vehicle in a negligent and careless manner, and caused a collision with Plaintiff Linda L. Cohen, a pedestrian on the property of Defendant Matunuck Oyster Bar.

10.     As a direct and proximate result of the negligent and careless entrustment by Defendant Barbara DiSauro of her motor vehicle to Defendant Jerry DiSauro, and Defendant Jerry DiSauro's subsequent negligent operation of said motor vehicle, Plaintiff Linda L. Cohen was severely and permanently injured, suffered and will in the future suffer great pain of body, nerves and nervous system, was rendered disabled and impaired, has suffered and in the future will continue to suffer a loss of enjoyment of life, has been unable and will continue to be unable to perform her usual daily activities, has suffered and will in the future suffer a loss of wages and a loss of future earning capacity, has been required and will in the future be required to undergo additional medical treatment and care, and Plaintiff Linda L. Cohen has become and will in the future become liable to pay large sums of money for her medical and hospital attention, care and treatment, and Plaintiff Linda L. Cohen otherwise was and is injured.

11.     As a direct and proximate result of the negligence of Defendant Barbara DiSauro and the resultant personal injuries to Plaintiff Linda L. Cohen, Plaintiff Jeffrey A. Cohen has suffered and will in the future suffer a loss of consortium, companionship, society, affection and love of his wife, Plaintiff Linda L. Cohen.

WHEREFORE, Plaintiffs Linda L. Cohen and Jeffrey A. Cohen demand judgment against Defendant Barbara DiSauro for compensatory damages, plus interest and costs.

## COUNT IV

## NEGLIGENCE OF DEFENDANT BARBARA DiSAURO

1.     Paragraphs 1 through 7 of Count I are hereby incorporated by reference as if set forth fully at length herein.

2.      Paragraphs 1 through 8 of Count II are hereby incorporated by reference as if set forth fully at length herein.

3.      Paragraphs 1 through 9 of Count III are hereby incorporated by reference as if set forth fully at length herein.

4.      On or about August 30, 2019, Plaintiff Jeffrey A. Cohen was a pedestrian on the premises of Defendant Matunuck Oyster Bar located at 629 Succotash Road in the Town of South Kingstown, in the State of Rhode Island.

5.      At all relevant times herein, Plaintiff Jeffrey A. Cohen was in the exercise of due and reasonable care for his own safety and well being.

6.      At all relevant times herein mentioned, Defendant Jerry DiSauro was operating a motor vehicle owned by Defendant Barbara DiSauro on the premises of Defendant Matunuck Oyster Bar located at 629 Succotash Road, in the Town of South Kingstown, in the State of Rhode Island.

7.      At the aforementioned time and place, Defendant Jerry DiSauro was operating said motor vehicle owned by Defendant Barbara DiSauro with the knowledge, permission, consent and authority of Defendant Barbara DiSauro.

8.      At the aforementioned time and place, and at all relevant times herein mentioned, Defendant Barbara DiSauro owed a duty to all persons, including Plaintiff Jeffrey A. Cohen, to exercise due and reasonable care in the selection and entrustment of the motor vehicle she owned.

9.     At the aforementioned time and place, and at all relevant times herein mentioned, Defendant Barbara DiSauro breached the duty of care owed by negligently entrusting her motor vehicle to Defendant Jerry DiSauro.

10.     At the aforementioned time and place, and at all relevant times herein mentioned, Defendant Jerry DiSauro operated said motor vehicle in a negligent and careless manner and caused a collision with Plaintiff Jeffrey A. Cohen, a pedestrian on the property of Defendant Matunuck Oyster Bar.

11.     As a direct and proximate result of the negligent and careless entrustment by Defendant Barbara DiSauro of her motor vehicle to Defendant Jerry DiSauro, and Defendant Jerry DiSauro's subsequent negligent operation of said motor vehicle, Plaintiff Jeffrey A. Cohen was severely and permanently injured,  suffered and will in the future suffer great pain of body, nerves and nervous system, was rendered disabled and impaired, has suffered and in the future will continue to suffer a loss of enjoyment of life, has been unable and will continue to be unable to perform his usual daily activities, has suffered and will in the future suffer a loss of wages and a loss of future earning capacity, has been required and will in the future be required to undergo additional medical treatment and care, and Plaintiff Jeffrey A. Cohen has become and will in the future become liable to pay large sums of money for his medical and hospital attention, care and treatment, and Plaintiff Jeffrey A. Cohen otherwise was and is injured.

12.     As a direct and proximate result of the negligence of Defendant Barbara DiSauro and the resultant personal injuries to Plaintiff Jeffrey A. Cohen, Plaintiff Linda L.

Cohen has suffered and will in the future suffer a loss of consortium, companionship, society, affection and love of her husband, Plaintiff Jeffrey A. Cohen.

WHEREFORE, Plaintiffs Linda L. Cohen and Jeffrey A. Cohen demand judgment against Defendant Barbara DiSauro for compensatory damages, plus interest and costs.

**COUNT V**

**NEGLIGENCE OF DEFENDANT MATUNUCK OYSTER BAR**

1.     Paragraphs 1 through 7 of Count I are hereby incorporated by reference as if set forth fully at length herein.

2.     Paragraphs 1 through 8 of Count II are hereby incorporated by reference as if set forth fully at length herein.

3.     Paragraphs 1 through 9 of Count III are hereby incorporated by reference as if set forth fully at length herein.

4.     Paragraphs 1 through 10 of Count IV are hereby incorporated by reference as if fully set forth herein.

5.     Defendant Matunuck Oyster Bar, by and through its agents, servants, representatives and employees, owed a legal duty of care to Plaintiff Linda L. Cohen to keep and maintain its property and premises, including but not limited to its parking lot and customer waiting area for valet services, in a safe condition and to provide said customers with guards and/or barriers so as to afford customers with adequate protection from vehicular traffic.

6.     Defendant Matunuck Oyster Bar, by and through its agents, servants, representatives and employees, owed a legal duty of care to warn its customers, including Plaintiff Linda L. Cohen, of any existing hazards and dangerous conditions.

7.     Defendant Matunuck Oyster Bar, by and through its agents, servants and employees, breached their legal duty of care to keep and maintain its property and/or parking lot in a reasonably safe condition, including but not limited to failing to provide said customers with guards and/or barriers so as to afford their customers with adequate protection from vehicular traffic.

8.     Defendant Matunuck Oyster Bar, by and through its agents, servants and employees, further breached their legal duty of care by failing to warn its customers, including Plaintiff Linda L. Cohen, of any existing hazards and dangerous conditions.

9.     As a direct and proximate result of the negligence of the employees, agents, servants and/or representatives of Defendant Matunuck Oyster Bar as aforesaid, Plaintiff Linda L. Cohen was injured when she was struck by a motor vehicle negligently operated by Defendant Jerry DiSauro on the premises of the Defendant Matunuck Oyster Bar.

10.     As a direct and proximate result of the negligence of the employees, agents, servants and/or representatives of Defendant Matunuck Oyster Bar, Plaintiff Linda L. Cohen was severely and permanently injured,  suffered and will in the future suffer great pain of body, nerves and nervous system, was rendered disabled and impaired, has suffered and in the future will continue to suffer a loss of enjoyment of life, has been unable and will continue to be unable to perform her usual daily activities, has suffered and will in the future suffer a loss of wages and a loss of future earning capacity, has been required and

will in the future be required to undergo additional medical treatment and care, and Plaintiff Linda L. Cohen has become and will in the future become liable to pay large sums of money for her medical and hospital attention, care and treatment, and Plaintiff Linda L. Cohen otherwise was and is injured.

11.     As a direct and proximate result of the negligence of employees, agents, servants and/or representatives of Defendant Matunuck Oyster Bar and the resultant personal injuries to Plaintiff Linda L. Cohen, Plaintiff Jeffrey A. Cohen has suffered and will in the future suffer a loss of consortium, companionship, society, affection and love of his wife, Plaintiff Linda L. Cohen.

WHEREFORE, Plaintiffs Linda L. Cohen and Jeffrey A. Cohen demand judgment against Defendant Matunuck Oyster Bar, and its agents, servants, representatives and employees, for compensatory damages, plus interest and costs.

## COUNT VI

## NEGLIGENCE OF DEFENDANT MATUNUCK OYSTER BAR

1.      Paragraphs 1 through 7 of Count I are hereby incorporated by reference as if set forth fully at length herein.

2.      Paragraphs 1 through 8 of Count II are hereby incorporated by reference as if set forth fully at length herein.

3.      Paragraphs 1 through 9 of Count III are hereby incorporated by reference as if set forth fully at length herein.

4.      Paragraphs 1 through 10 of Count IV are hereby incorporated by reference as if fully set forth herein.

13

5.      Paragraphs 1 through 9 of Count V are hereby incorporated by reference as if fully set forth herein.

6.      Defendant Matunuck Oyster Bar, by and through its agents, servants, representatives and employees, owed a legal duty of care to Plaintiff Jeffrey A. Cohen to keep and maintain its property and premises, including but not limited to its parking lot and customer waiting area for valet services, in a safe condition and to provide said customers with guards and/or barriers so as to afford customers with adequate protection from vehicular traffic.

7.      Defendant Matunuck Oyster Bar, by and through its agents, servants, representatives and employees, owed a legal duty of care to warn its customers, including Plaintiff Jeffrey A. Cohen, of any existing hazards and dangerous conditions.

8.      Defendant Matunuck Oyster Bar, by and through its agents, servants and employees, breached their legal duty of care to keep and maintain its property and/or parking lot in a reasonably safe condition by failing to provide said customers with guards and/or barriers so as to afford their customers with adequate protection from vehicular traffic.

9.      Defendant Matunuck Oyster Bar, by and through its employees, agents, servants and representatives, further breached their legal duty of care by failing to warn its customers, including Plaintiff Jeffrey A. Cohen, of any existing hazards and dangerous conditions.

10.     As a direct and proximate result of the negligence of the employees, agents, servants, representatives and employees of Defendant Matunuck Oyster Bar as aforesaid,

14

Plaintiff Jeffrey A. Cohen was injured when he was struck by a motor vehicle negligently operated by Defendant Jerry DiSauro on the premises of the Defendant Matunuck Oyster Bar.

11.     As a direct and proximate result of the negligence of the agents, servants, employees and representatives of Defendant Matunuck Oyster Bar, Plaintiff Jeffrey A. Cohen was severely and permanently injured,  suffered and will in the future suffer great pain of body, nerves and nervous system, was rendered disabled and impaired, has suffered and in the future will continue to suffer a loss of enjoyment of life, has been unable and will continue to be unable to perform his usual daily activities, has suffered and will in the future suffer a loss of wages and a loss of future earning capacity, has been required and will in the future be required to undergo additional medical treatment and care, and Plaintiff Jeffrey A. Cohen has become and will in the future become liable to pay large sums of money for his medical and hospital attention, care and treatment, and Plaintiff Jeffrey A. Cohen otherwise was and is injured.

12.     As a direct and proximate result of the negligence of employees, agents, servants and/or representatives of Defendant Matunuck Oyster Bar and the resultant personal injuries to Plaintiff Jeffrey A. Cohen, Plaintiff Linda L. Cohen has suffered and will in the future suffer a loss of consortium, companionship, society, affection and love of her husband, Plaintiff Jeffrey A. Cohen.

WHEREFORE, Plaintiffs Linda L. Cohen and Jeffrey A. Cohen demand judgment against Defendant Matunuck Oyster Bar, and its agents, servants, representatives and employees, for compensatory damages, plus interest and costs.

## COUNT VII

### NEGLIGENCE OF DEFENDANT OCEAN STATE VALET

1**.**     Paragraphs 1 through 7 of Count I are hereby incorporated by reference as if set forth fully at length herein.

2.     Paragraphs 1 through 8 of Count II are hereby incorporated by reference as if set forth fully at length herein.

3.     Paragraphs 1 through 9 of Count III are hereby incorporated by reference as if set forth fully at length herein.

4.     Paragraphs 1 through 10 of Count IV are hereby incorporated by reference as if fully set forth herein.

5.     Paragraphs 1 through 9 of Count V are hereby incorporated by reference as if fully set forth herein.

6.     Paragraphs 1 through 10 of Count VI are hereby incorporated by reference as if fully set forth herein.

7.     Defendant Ocean State Valet, by and through its agents, servants, representatives and employees, owed a legal duty of care to Plaintiff Linda L. Cohen to keep and maintain the parking lot and customer waiting area for valet services on the premises of Defendant Matunuck Oyster Bar, in a reasonably safe condition and to provide said customers with guards and/or barriers so as to afford customers with adequate protection from vehicular traffic.

8.     Defendant Ocean State Valet, by and through its agents, servants, representatives and employees, owed a legal duty of care to Plaintiff Linda L. Cohen to

warn its customers, including Plaintiff Linda L. Cohen, of any existing hazards and dangerous conditions.

9.    Defendant Ocean State Valet, by and through its agents, servants and employees, breached their legal duty of care to keep and maintain the parking lot area and customer waiting area for valet services on the premises of Defendant Matunuck Oyster Bar in a reasonably safe condition by failing to provide said customers with guards and/or barriers so as to afford their customers with adequate protection from vehicular traffic.

10.    Defendant Ocean State Valet, by and through its agents, servants and employees, further breached their legal duty of care by failing to warn customers of Defendant Matunuck Oyster Bar, including Plaintiff Linda L. Cohen, of any existing hazards and dangerous conditions.

11.    As a direct and proximate result of the negligence of the employees, agents, servants and/or representatives of Defendant Ocean State Valet as aforesaid, Plaintiff Linda L. Cohen was injured when she was struck by a motor vehicle negligently operated by Defendant Jerry DiSauro on the premises of the Defendant Matunuck Oyster Bar.

12.    As a direct and proximate result of the negligence of the agents, servants, employees and representatives of Defendant Ocean State Valet, Plaintiff Linda L. Cohen was severely and permanently injured, suffered and will in the future suffer great pain of body, nerves and nervous system, was rendered disabled and impaired, has suffered and in the future will continue to suffer a loss of enjoyment of life, has been unable and will continue

to be unable to perform her usual daily activities, has suffered and will in the future suffer a loss of wages and a loss of future earning capacity, has been required and will in the future be required to undergo additional medical treatment and care, and Plaintiff Linda L. Cohen has become and will in the future become liable to pay large sums of money for her medical and hospital attention, care and treatment, and Plaintiff Linda L. Cohen otherwise was and is injured.

13.     As a direct and proximate result of the negligence of the employees, agents, servants and/or representatives of Defendant Ocean State Valet and the resultant personal injuries to Plaintiff Linda L. Cohen, Plaintiff Jeffrey A. Cohen has suffered and will in the future suffer a loss of consortium, companionship, society, affection and love of his wife, Plaintiff Linda L. Cohen.

WHEREFORE, Plaintiffs Linda L. Cohen and Jeffrey A. Cohen demand judgment against Defendant Ocean State Valet, and its agents, servants, representatives and employees, for compensatory damages, plus interest and costs.

**COUNT VIII**

**NEGLIGENCE OF DEFENDANT OCEAN STATE VALET**

1**.**     Paragraphs 1 through 7 of Count I are hereby incorporated by reference as if set forth fully at length herein.

2.     Paragraphs 1 through 8 of Count II are hereby incorporated by reference as if set forth fully at length herein.

3.     Paragraphs 1 through 9 of Count III are hereby incorporated by reference as if set forth fully at length herein.

4.      Paragraphs 1 through 10 of Count IV are hereby incorporated by reference as if fully set forth herein.

5.      Paragraphs 1 through 9 of Count V are hereby incorporated by reference as if fully set forth herein.

6.      Paragraphs 1 through 10 of Count VI are hereby incorporated by reference as if fully set forth herein.

7.      Paragraphs 1 through 11 of Count VII are hereby incorporated by reference as if fully set forth herein.

8.      Defendant Ocean State Valet, by and through its agents, servants, representatives and employees, owed a legal duty of care to Plaintiff Jeffrey A. Cohen to keep and maintain the parking lot and customer waiting area for valet services on the premises of Defendant Matunuck Oyster Bar, in a safe condition and to provide said customers with guards and/or barriers so as to afford customers with adequate protection from vehicular traffic.

9.      Defendant Ocean State Valet, by and through its agents, servants, representatives and employees, owed a legal duty of care to Plaintiff Jeffrey A. Cohen to warn its customers, including Plaintiff Jeffrey A. Cohen, of any existing hazards and dangerous conditions.

10.     Defendant Ocean State Valet, by and through its agents, servants and employees, breached their legal duty of care to keep and maintain the parking lot area and customer waiting area for valet services on the premises of Defendant Matunuck Oyster Bar in a reasonably safe condition by failing to provide said customers with

19

guards and/or barriers so as to afford their customers with adequate protection from vehicular traffic.

11.    Defendant Ocean State Valet, by and through its agents, servants and employees, further breached their legal duty of care by failing to warn customers of Defendant Matunuck Oyster Bar, including Plaintiff Jeffrey A. Cohen, of any existing hazards and dangerous conditions.

12.    As a direct and proximate result of the negligence of the employees, agents, servants and/or representatives of Defendant Ocean State Valet as aforesaid, Plaintiff Jeffrey A. Cohen was injured when he was struck by a motor vehicle negligently operated by Defendant Jerry DiSauro on the premises of the Defendant Matunuck Oyster Bar.

13.    As a direct and proximate result of the negligence of the employees, agents, servants and/or representatives of Defendant Ocean State Valet,  Plaintiff Jeffrey A. Cohen was severely and permanently injured,  suffered and will in the future suffer great pain of body, nerves and nervous system, was rendered disabled and impaired, has suffered and in the future will continue to suffer a loss of enjoyment of life, has been unable and will continue to be unable to perform his usual daily activities, has suffered and will in the future suffer a loss of wages and a loss of future earning capacity, has been required and will in the future be required to undergo additional medical treatment and care, and Plaintiff Jeffrey A. Cohen has become and will in the future become liable to pay large sums of money for his medical and hospital attention, care and treatment, and Plaintiff Jeffrey A. Cohen otherwise was and is injured.

14.     As a direct and proximate result of the negligence of the employees, agents, servants and/or representatives of Defendant Ocean State Valet and the resultant personal injuries of Plaintiff Jeffrey A. Cohen, Plaintiff Linda L. Cohen has suffered and will in the future suffer a loss of consortium, companionship, society, affection and love of her husband, Plaintiff Jeffrey A. Cohen.

WHEREFORE, Plaintiffs Linda L. Cohen and Jeffrey A. Cohen demand judgment against Defendant Ocean State Valet, and its agents, servants, representatives and employees, for compensatory damages, plus interest and costs.

<u>**DEMAND FOR JURY TRIAL**</u>

Plaintiffs Linda L. Cohen and Jeffrey A. Cohen hereby demand a trial by jury and designate Mark B. Decof as trial counsel.

LINDA L. COHEN and
JEFFREY A. COHEN

By their Attorneys,

Decof, Barry, Mega & Quinn, P.C.
One Smith Hill
Providence, RI 02903
Telephone:  (401) 272-1110
Facsimile:  (401) 351-6641
Email:  mbd@decof.com; dmd@decof.com


/s/  Mark B. Decof
Mark B. Decof                    #2357

/s/  Donna M. Di Donato
Donna M. Di Donato        #3078

Dated: November 21, 2019
Cohen P001

21